FILED

1    Bruce Comeau Pro SE

2    1245 W Cienega Ave Sp 195      2017 MAY 17  PM 2: 12

3    San Dimas Ca. 91773

4    Home 909-599-6158

5    Cell 909-518-0932

6    Plaintiff in Pro Se

7

8

9

10            **UNITED STATES DISTRICT COURT**

11            **CENTRAL DISTRICT OF CALIFORNIA**

12

13    Bruce Comeau,          Case No.: **CV 17 - 03720 CBM ( AFMx)**

14        Plaintiff,        **COMPLAINT FOR DAMAGES;**

15      vs.            DEMAND FOR JURY TRIAL

16    CALIFORNIA DEPARTMENT OF MOTOR    1, 42 U.S.C. §198 Due process rights.

17    VEHICLES,  a public entity; and    2. Due process rights under California

18    Mario Arana           constitution article I, §7

19    Mohindra Chhatarpal      3. Title II of the Americans with Disabilities

20    P Tercero            Act (42 U.S.C. § 12131 *et seq.*)

21    DOES 1-10, inclusive,,      4. Section 504 of the Rehabilitation Act

22        Defendants.       (29 U.S.C. § 794 *et seq.*)

23                         5. The Civil Rights Act (42 U.S.C. § 1983)

24

25

26

27

28

INTRODUCTION

1. Plaintiff Bruce Comeau is a California resident since 1963 with a mobility disability starting around 2000. He has been using a wheel chair to cover long distances since around 2006. Mr. Comeau is able to stand for a short time (around 5 to 10 minutes) and walk a short distance unassisted (50 to 100 feet). Any further Mr. Comeau uses his manual powered or an electric mobility chair.

2. Mr. Comeau has been a Commercial Driver since early 1980s. Mr. Comeau had a life long dream of being an owner operator of his own trucking company. In mid 2008 Mr. Comeau's dream came true, Mr. Comeau purchased a 2003 Kenworth tractor and a Monan 53' Trailer. With this he started B.J. Comeau Trucking. The trucking business made a gross income of $122,000 in 2009.

3. Mr. Comeau has taken the required Driver Medical Evaluation and passed every time.

4. In December 2009 Mr. Comeau received a letter from DMV stating they need an updated drive medical evaluation.

5. Mr. Comeau delivered the driver medical evaluation to DMV in Pomona Ca. to DMV Doe 1. Doe 1 told Mr. Comeau that he couldn't drive a commercial vehicle while having to use a wheel chair to get around and for having sleep apnea. This the first of many violations of the following

6. (a). Title II of the Americans with Disabilities Act (42 U.S.C. § 12131 *et seq.*)

(b). Section 504 of the Rehabilitation Act (29 U.S.C. § 794 *et seq.*)

(c). The Civil Rights Act (42 U.S.C. § 1983)

7. Doe1 told Mr. Comeau talk to the supervisor Doe 2. Doe 2 also questioned Mr. Comeau about being in a wheel chair and having sleep apnea. After some arguing about both Doe 2 excepted the paperwork.

8. Sometime in early January 2010 Mr. Comeau received a letter in the mail from the DMV Driver's safety office. Mr. Comeau's Mom doesn't open any mail for the company. It was an order of immediate suspension for non-compliance. It stated that the DMV had suspended Mr. Comeau's Class A.

9. This is a violation of 42 U.S.C. §1983: DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION

10. At the time the letter arrived at Mr. Comeau's home Mr. Comeau was on a coast to coast runs. Mr. Comeau didn't get this letter until around 3 weeks after being delivered. This forced Mr. Comeau to unknowingly drive for approximately 2 to 4 weeks in every state Mr. Comeau drove in illegally with no license and insurance as Mr. Comeau's insurance carrier does not insure non-licensed drivers.

11. Sometime in late January or early February upon arriving home Mr. Comeau went to DMV driver safety office to look into this matter. The clerk told Mr. Comeau that he had to make an appointment for a hearing. The clerk told Mr. Comeau they would have to mail it to Mr. Comeau. Upon receiving the letter for an appointment it was set for about 30 days.

12. While waiting for the hearing Mr. Comeau had his truck repossessed due to lack of money to pay the payments. Mr. Comeau had to sell his trailer to pay it off and close his business. This is all due to the DMV suspending Mr. Comeau's Class A without due process.

13. At the first hearing with Doe 4 Mr. Comeau asked what it was that disqualified me to drive class A. Doe 4 said Mr. Comeau was unfit to drive a class A vehicle. Doe 4 got upset with Mr. Comeau because Mr. Comeau kept questioning her as to the exact reason for the disqualification. Doe 4 ended the hearing with Mr. Comeau still not knowing the reason. Through out all the hearings they never would show or tell me what exactly made me disqualified in the first place.

14. At one of the hearings Mr. Comeau ask Mr. Asked the hearing officer to show me in the book why I'm disqualified. He fails to do so. They kept coming up with new reasons to suspend Mr. Comeau's Class A

15. Mr. Comeau has exhausted all remedies to resolve this matter. This includes in February or March of 2010 talking to the clerk in Pomona Ca. superior court. The clerk told him there was nothing thing they could do. The clerk told him that it would be very expensive to sue the DMV, around $10,000. This was not an option for Mr. Comeau as he now had no income.

16. In May of 2015 Mr. Comeau went to the DMV internal affairs office in West Covina Ca. to have the case looked into for the deletion of the partial case files. He was told that if he didn't know who deleted them they couldn't help him. In May of 2015 Mr. Comeau called the FBI in West Covina and also was told if he didn't know who deleted the files they also couldn't help him.

17. On July 1-2015 Mr. Comeau turned in a complaint to the state attorney in Los Angeles Ca. In a letter from the state attorney it is stated they do not conduct criminal investigations.

18. On 11-7-2016 Mr. Comeau turned in a complaint to the Department of Justice in Washington DC. I received a letter dated Nov. 28-2016 the Disability Rights Section has reviewed the enclosed correspondence and determined that it raises issues that are more appropriately addressed by the U.S. Department of Transportation. We, therefore, are referring this correspondence to that agency for appropriate action.

19. The U.S. Department of Transportation received your correspondence on December 9, 2016, from the U.S. Department of Justice.
We have forwarded it to the Federal Motor Carrier Safety Administration, Office of Civil Rights, for review and appropriate action.

20. On a letter mailed on March 31-2017 from the Federal Motor Carrier Safety Administration's (FMCSA's) Office of Civil Rights. This response is in reference to the document you submitted to the United States Department of Justice, which was referred to the United States Department of Transportation's (USDOT) Office of Civil Rights by memorandum dated November 28, 2016. The USDOT' s Office of Civil Rights referred your document to the Federal Motor Carrier Safety Administration's (FMCSA's) Office of Civil Rights by letter dated January 4, 2017. In your document, you allege that actions of representatives of the California Department of Motor Vehicles (DMV) have caused you mental suffering, lost wages, and lost equipment (tractor trailer).

21. FMCSA is responsible for investigating individual complaints of discrimination involving violations of Title VI of the Civil Rights Act of 1964 (Title VI). After a thorough

review of your allegation, we have determined that your case will not be investigated as a Title VI complaint and is being dismissed for the following reason:

The allegations are not timely as the last referenced interaction date (Page #C 10) with the California DMV is May 21, 2015. A timely complaint must be filed within 180 days of the occurrence of the alleged discriminatory activity.

22. On 2/ 5 15 Mr. Comeau went to DMV in Pomona California to check what the status of his license was and to see if I could get a permit.

23. In talking to the clerk Mr. Comeau explained that in 2010 the DMV driver's safety office in Covina California had suspended his Class A. The clerk printed a printout Dated 2-5-2015. She said something was wrong because the printout showed Mr. Comeau's license was suspended in 11/2/2010 not 1/2010. The clerk told Mr. Comeau he would have to talk to a supervisor.

24. In talking to the supervisor Mr. Comeau explained that in 2010 the DMV driver's safety office in Covina California had suspended his Class A. The supervisor looked at the print out and told Mr. Comeau that something was very wrong. The supervisor recommended Mr. Comeau to go to DMV driver's safety office in Covina and look further into this matter.

25. On 5/11/2015 Mr. Comeau went to the DMV driver's safety office in Covina. Mr. Comeau explained the problem to the clerk and showed him the printout from the DMV in Pomona. The clerk printed a printout dated 5-11-2015 and compared the 2. The clerk said that either I was wrong about the date (and then looking over his shoulder and in a much louder voice) or it never existed. Mr. Comeau felt that clerk new something that they were not telling him and that something was very wrong.

26. The clerk then went into the rear offices. After a short time the clerk came back into the front office and said everything look ok.

27. A short time later Doe 10 and what Mr. Comeau recognized to be one of the hearing officers. When the hearing officer recognized me he said in a loud voice "shit".

28. Based on the misperceptions and discriminatory actions and omissions of the named Defendants, Mr. Comeau unnecessarily had his commercial license driving suspended.

29. The above actions has caused Mr. Comeau to loose his Business, Truck, Trailer, Credit Rating, and his right to reap the benefits of his fruits of his labor. Mr. Comeau is now very deep in debit.

30. The above actions has caused Mr. Comeau to suffered extreme emotional distress that included several attempts to take his own life and being arrested while at the drives safety office in Covina caused by Defendants' humiliating and unlawfully discriminatory actions in July 2010, Mr. Comeau brings this action for declaratory relief and damages against Defendant DMV and the individuals and individual DOE defendants who, acting under color of state law, unnecessarily harmed Mr. Comeau.

31. Mr. Comeau brings this action for violations of Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973,and the Civil Rights Act (Section 1983), seeking a measure of justice for the discrimination and exclusion he experienced by virtue of Defendants' intentional conduct.

32. Mr. Comeau Brings this is a violation of 42 U.S.C. §1983: Due Process Rights under the Fourteenth Amendment to the US Constitution seeking a measure of justice for the discrimination and exclusion he experienced by virtue of Defendants' intentional conduct.

## JURISDICTION AND VENUE

33. Plaintiff has exhausted his administrative remedies such that the Court has jurisdiction of this matter. This includes trying to get the superior court in Pomona California and the department of justice in California and Washington, the FBI and the DMV internal affairs department in West Covina to look into this matter. All to no avail.

34. This action arises under Title II of the Americans with Disabilities Act (42 U.S.C. § 12131 *et. seq.*) ("ADA") and Section 504 of the Rehabilitation Act (29 U.S.C. § 794) ("Rehab Act"). This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

35. This action arises under 42 U.S.C. §1983: Due Process Rights under the Fourteenth Amendment to the US Constitution. This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

1    36. Venue is proper in the Central District of California under 28 U.S.C.

2    §1391(b), as Defendants are located in the Central district and all of the acts and/or omissions

3    alleged herein occurred in this judicial district.

4                                           PARTIES

5    37. At all relevant times, Plaintiff Mr. Bruce Comeau has resided in the

6    County of Los Angeles, State of California, and has had a mobility disability within the meaning

7    of the Americans with Disabilities Act (42 U.S.C.§ 12101) and

8    Section 504 of the Rehabilitation Act (29 U.S.C. § 794 et seq.).

9    38. At all relevant times, Defendant DMV has been a public entity with

10   locations of operation throughout California, including Los Angeles County.

11   Defendant DMV is a California state governmental entity within the Business, Transportation

12   and Housing Agency, with the capacity to sue and be sued. DMV is sued in its own right and on

13   the basis of the acts of its officials, agents and employees, including those associated with the

14   Pomona DMV office and the Covina DMV Drivers safety office. At all relevant times, DMV

15   was responsible for ensuring that its officials, agents, employees, and contractors obeyed the

16   laws of the United States.

17   39. At all relevant times, Defendant Mario Arana was a employee or agent of Defendant

18   DMV, who Plaintiff is informed, believes, and based thereon alleges was 1 of the persons that

19   signed on the paper work that was sent to Mr. Comeau was DMV's job title unknown working in

20   the DMV drivers safety office in Covina California. Plaintiff is informed, believes, and based

21   thereon alleges that Mario Arana is sued his individual capacity.

22   40. Mario Arana signed documents dated

23           (A) Nov. 2-2010 Notice of appointment.

24           (B) Nov. 2-2010 Order of restriction.

25           (C) Sept. 2-2011 Notice of finding of facts and decision.

26   41. At all relevant times, Defendant Mohindra Chhatapal was a employee or agent of

27   Defendant DMV, who Plaintiff is informed, believes, and based thereon alleges was1 of the

28   persons that signed on the paper work that was sent to Mr. Comeau was DMV's job title

1   unknown working in the DMV drivers safety office in Covina California. Plaintiff is informed,

2   believes, and based thereon alleges that Mohindra Chhatapal is sued in his/her individual

3   capacity.

4        42. Mohindra Chhatarpal signed documents dated.

5            (A) Feb. 24-2011 Notice of interview

6            (B) Oct. 24-2011 Letter of change of hearing office.

7            (C) Oct. 26-2011 Letter of change of hearing office.

8        43. At all relevant times, Defendant J Martinez was a employee or agent of Defendant

9   DMV, who Plaintiff is informed, believes, and based thereon alleges was 1 of the persons that

10  signed on the paper work that was sent to Mr. Comeau was DMV's job title unknown working in

11  the DMV driver's safety office in Covina California. Plaintiff is informed, believes, and based

12  thereon alleges that J Martinez is sued in his/her individual capacity.

13       44. J Martinez Signed document dated.

14           (A) March 1-2011 Notice of interview.

15       45. At all relevant times, Defendant P Tercero was a employee or agent of Defendant

16  DMV, who Plaintiff is informed, believes, and based thereon alleges was 1 of the persons that

17  signed on the paper work that was sent to Mr. Comeau was DMV's job title unknown working in

18  the DMV driver's safety office in Covina California. Plaintiff is informed, believes, and based

19  thereon alleges that P Tercero is sued in his or her individual capacity.

20       46. P Tercero Signed document dated.

21           (A) April 2-2012 Findings of facts and decision.

22       47. At all relevant times, Defendant DOE 1 was a female employee or agent of Defendant

23  DMV, who Plaintiff is informed, believes, and based thereon alleges was the first clerk Mr.

24  Comeau talk to in Dec. 2009 that told Mr. Comeau that he couldn't drive class A because he was

25  in a wheel chair was DMV's clerk working in the DMV office in Pomona, California. Plaintiff is

26  informed, believes, and based thereon alleges that DOE 1 is sued her individual capacity. This

27  Complaint will be amended when Plaintiff discovers DOE 1's identity.

28

48. At all relevant times, Defendant DOE 2 was a female employee or agent of Defendant DMV, who Plaintiff is informed, believes, and based thereon alleges was the first supervisor Mr. Comeau talk to in 2009 that told Mr. Comeau that he couldn't drive class A because he was in a wheel chair was DMV's clerk working in the DMV office in Pomona, California. Plaintiff is informed, believes, and based thereon alleges that DOE 2 is sued her individual capacity. This Complaint will be amended when Plaintiff discovers DOE 2's identity.

49. At all relevant times, Defendant DOE 3 was a male employee or agent of Defendant DMV, who Plaintiff is informed, believes, and based thereon alleges was DMV's supervisor working in the DMV Drivers safety office in Covina, California. Plaintiff is informed, believes, and based thereon alleges that DOE 3 is sued his individual capacity. This Complaint will be amended when Plaintiff discovers DOE 3's identity.

50. At all relevant times, Defendant DOE 4 was a female employee or agent of Defendant DMV, who Plaintiff is informed, believes, and based thereon alleges was the first one of DMV's hearing officer working in the DMV driver's safety office in Covina California. Plaintiff is informed, believes, and based thereon alleges that Doe 4 is sued in her individual capacity. This Complaint will be amended when Plaintiff discovers DOE 4's identity.

51. At all relevant times, Defendant DOE 5 was a male employee or agent of Defendant DMV, who Plaintiff is informed, believes, and based thereon alleges was DMV's hearing officer working in the DMV driver's safety office in Covina California. Plaintiff is informed, believes, and based thereon alleges that DOE 5 is sued his individual capacity. This Complaint will be amended when Plaintiff discovers DOE 5's identity.

52. Doe 5 was in a wheel chair and told Mr. Comeau that if Doe 5 can't drive a truck then Mr. Comeau can't.

53. At all relevant times, Defendant DOE 6 was a employee or agent of Defendant DMV, who Plaintiff is informed, believes, and based thereon alleges was DMV's Job title unknown, signature unreadable working in the DMV drivers safety office in Covina California. Plaintiff is

1  informed, believes, and based thereon alleges that DOE 6 is sued in his/her individual capacity.

2  This Complaint will be amended when Plaintiff discovers DOE 6's identity.

3     54. Document dated Oct. 21-2010 notice of reexamination appointment the signature is

4  unreadable.

5     55. At all relevant times, Defendant DOE 7 was a employee or agent of Defendant DMV,

6  who Plaintiff is informed, believes, and based thereon alleges was DMV's Job title unknown,

7  signature unreadable working in the DMV drivers safety office in Covina California. Plaintiff is

8  informed, believes, and based thereon alleges that DOE 7 is sued in his/her individual capacity.

9  This Complaint will be amended when Plaintiff discovers DOE 7's identity.

10     56. Document dated April 22-2011 notice of finding of facts and decision the signature is

11  unreadable.

12     57. At all relevant times, Defendant DOE 8 was a employee or agent of Defendant DMV,

13  who Plaintiff is informed, believes, and based thereon alleges was DMV's Job title unknown,

14  signature unreadable working in the DMV drivers safety office in Covina California. Plaintiff is

15  informed, believes, and based thereon alleges that DOE 8 is sued in his/her individual capacity.

16  This Complaint will be amended when Plaintiff discovers DOE 8's identity.

17     58. Document dated Oct 24-2011 notice of finding of facts and decision the signature is

18  unreadable.

19     59. At all relevant times, Defendant DOE 9 was a employee or agent of Defendant DMV,

20  who Plaintiff is informed, believes, and based thereon alleges was DMV's Job title unknown,

21  signature unreadable working in the DMV drivers safety office in Covina California. Plaintiff is

22  informed, believes, and based thereon alleges that DOE 9 is sued in his/her individual capacity.

23  This Complaint will be amended when Plaintiff discovers DOE 9's identity.

24     60. Document dated Oct 24-2011 interview report the signature is unreadable.

25     61. At all relevant times, Defendant DOE 10 was a male employee or agent of Defendant

26  DMV, who Plaintiff is informed, believes, and based thereon alleges was DMV's supervisor

27  working in the DMV driver's safety office in Covina California. Plaintiff is informed, believes,

28

and based thereon alleges that DOE 10 is sued his individual capacity. This Complaint will be amended when Plaintiff discovers DOE 10's identity.

62. DOES 1 through 10 are currently unknown individuals or entities who bear responsibility for the actions alleged in this Complaint. Their identities are not yet known such that Plaintiff will amend this Complaint upon learning their identities.

63. At all relevant times, all Defendants and each of the them were acting in concert with each other and were the agent, principal, subsidiary, representative, alter ego, partner, co-conspirator, aider and abettor, and fiduciary in proximately causing the injuries and damages alleged herein.

64. At all relevant times, the Defendants herein were acting under the color of state law in the course of scope of their duties and functions as agents, servants, employees, officers, and/or contractors of DMV and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of DMV at all times with the power and authority vested in them by DMV and incidental to the lawful pursuit of their duties to DMV. Each of the acts complained of herein was taken, and each violation of Plaintiff's rights was approved, condoned, and/or ratified by persons of authority within DMV.

COMPLAINT FOR DAMAGES – *Comeau v. DMV*

ADDITIONAL FACTS COMMON TO ALL CLAIMS

65. Mr. Comeau went to many hearings DMV driver's safety in Covina on this matter over the coarse of approximately 2 ½ years

66. Doe 5 a hearing officer In the DMV's drivers safety office in Covina was in a wheel chair and told Mr. Comeau if Doe 5 can't drive a truck then Mr. Comeau can't.

67. At each hearing each hearing officer would tell Mr. Comeau to do something and that would get him back his Class A License. Mr. Comeau would, do as the hearing officer ask, only to be told to do something else, again and again and again.

68. Mr. Comeau even had an updated sleep test for sleep apnea and purchased a new CPAPS machine. Mr. Comeau's hearing was border-line so he got hearing aids.

69. A test drive in a class C truck Mr. Comeau's own ford SUV, numerous medical cards, doctors notes.

70. In one of the hearings Mr. Comeau was told he couldn't drive a class A truck because he was taking Paxil. Mr. Comeau called the DOT (Department of Transportation) in Washington DC and had them talk to Doe 3 and verify Mr. Comeau could drive a class A truck as long as it was prescribed to him by a doctor.

71. At the last hearing the hearing officer told Mr. Comeau to rent a class A truck and bring it in and show them that he can get in a truck. Mr. Comeau told them he couldn't rent a class A truck without a class A. Mr. Comeau was told then he can't get it back or would have to go to truck driving school. Mr. Comeau can't go to truck driving school be cause they will not get Mr. Comeau a permit.

72. Every time Mr. Comeau asked why they pulled my CDL they would just show Mr. Comeau the commercial drivers handbook without opening it and say Mr. Comeau is not fit to drive. When Mr. Comeau asked them to show me in the handbook were it says he is unfit to drive a commercial truck, they would tell me they don't have to show me.

73. Mr. Comeau talked to the Doe 3 a supervisor many times. Doe 3 always maintained there never was a reason to pull my class A.

74. Mr. Comeau even lost 100 LBS and still was considered unfit.

75. After one of the hearings Mr. Comeau got very upset and exploded in the waiting room. The police were called. While they had Mr. Comeau on the ground Mr. Comeau was having trouble breathing. Mr. Comeau told them this. The just said if you can talk you can breath. Mr. Comeau told them he was going to move a little bit so he could breath easier. They just kept saying don't resist. Mr. Comeau tried to move so he could breath better and 1 of the officers kept slugging me in the stomach. Mr. Comeau was arrested. They took Mr. Comeau to the hospital to have me evaluated for 5150.

76. After this a CHP officer had to be at all proceedings.

77. Mr. Comeau has attempted to take his own life 3 times as a result of all the depression. I was put in a mental facility twice for the attempts to take my own life.

78. As a result of losing my CDL the following has happened.

79. (a) The DMV pulled Mr. Comeau's class A before he had a hearing.

(b) Mr. Comeau unknowingly drove without a CDL for Approximately 3 weeks.

(c) Mr. Comeau was driving without insurance due to no CDL

(d) Mr. Comeau lost his truck, trailer and trucking business.

(e) Mr. Comeau lost his good credit rating do to no income.

(f) Mr. Comeau is now in debit

(g) Mr. Comeau was in breach of contract with his carrier he was leased to, (Gold Line), his insurance provider and 2 loan company's (his truck loan and his trailer loan) due to no CDL.

(h) Mr. Comeau became very depressed and has tried to take his own life on a number of times as a direct result of the defendant's actions.

80. Mr. Comeau's lost his trucking business included a 2003 T2000 Kenworth tractor and a Monan trailer.

81. Mr. Comeau was unable to make money to pay his bills.

82. This has also affected Mr. Comeau's mom's credit as she was letting me use her credit cards for the down payment and some repairs. She had to file bankruptcy do to Mr. Comeau not being able to repay her back for the money I borrowed.

83. Mr. Comeau also owes the IRS and New Mexico taxes that I couldn't afford pay.

84. At some point in or before 2014 Mr. Comeau wrote a post on http://www.smart-trucking.com. Smart Trucking has an attorney that answers legal questions for truckers on the web site. Attorney Joseph A Fried of Fried, Rogers, and Goldberg with an address of 7560 Lenox RD. NE #1200 Atlanta GA. Phone # 407-591-1800. I posted a condensed version due to word limit.

85. Plaintiff is informed, believes, and based thereon alleges that there was no legitimate, non-discriminatory reason for Defendants in January 2010 to suspend Mr. Comeau's class A license.

86. Defendants' actions at the Pomona DMV and the Covina DMV Drivers Safety office in January 2010 caused Mr. Comeau to be humiliated, embarrassed, shunned, singled out, and

1    excluded from an opportunity available to all other non disabled applicants. Mr. Comeau

2    suffered significant emotional distress that also included trying to take his own life as a result of

3    the incidents and the suspending of his class A license. Mr. Comeau also suffered monetary loss

4    as a result of Defendants' actions.

5

6                                    FIRST CLAIM FOR RELIEF

7    VIOLATION OF 42 U.S.C. §1983: DUE PROCESS RIGHTS UNDER THE

8    FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION

9          87. Plaintiff re-alleges and incorporates by reference all previous

10   paragraphs.

11         88. By design, implementation and maintenance of the adjudicative

12   administrative (APS) system described above, Defendants and each of them deprived, deprive

13   and will continue to deprive Plaintiff Mr. Comeau of the procedural due process rights conferred

14   upon them by the Due Process Clause of the Fourteenth Amendment to the United States

15   Constitution and their rights to property under the Fifth Amendment which has been

16   incorporated against the states through the Fourteenth Amendment, to wit, their driver's licenses.

17         89. Plaintiff Mr. Comeau has been, are currently and will in the future continue to be

18   deprived of their constitutionally protected property right to maintain their driver's licenses

19   under this unconstitutional regime if it is allowed to continue.

20         90. Plaintiff Mr. Comeau were injured, are currently being injured and will continue to be

21   injured by this deprivation of due process rights because they were, are and will continue to be

22   required to represent their clients in a fundamentally unfair and unconstitutional adjudicative

23   system. The unfairness of this process requires, *inter alia*, the additional expenditure of time and

24   costs for Mr. Comeau.

25         91. The deprivations of the procedural Due Process rights of Plaintiff Mr. Comeau are a

26   proximate result of the policies, procedures, practices, and/or customs designed, implemented,

27   enforced and maintained by the DMV. In addition to the design flaws and inherent conflicts

28   created by that design, the DMV has maintained policies, procedures, practices, and/or customs

1  of critically reviewing, scrutinizing and reversing Hearing Officer decisions to set aside the

2  suspension of a license. These ex parte communications are without notice to licensees or Mr.

3  Comeau. The maintenance of said policies, procedures, customs and practices evidences a

4  deliberate indifference to, and indeed a deliberate interference with, the constitutional rights of

5  Plaintiff Mr. Comeau.

6       92. Plaintiff Mr. Comeau has suffered, are suffering and will continue to suffer

7  immediate and irreparable injury for which there is no adequate remedy at law if the

8  aforementioned policies, procedures, practices and/or customs of suspending licenses without

9  providing an impartial Hearing Officer is allowed to continued. Therefore, Plaintiffs, and each of

10 them, seeks declaratory and injunctive relief, both preliminary and permanent, to stop Defendant

11 DMV from continuing the unlawful, unconstitutional policies, procedures, practices and/or

12 customs described above.

13 SECOND CLAIM FOR RELIEF

14 VIOLATION OF DUE PROCESS RIGHTS UNDER CALIFORNIA CONSTITUTION

15 ARTICLE I, §7

16      93. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

17      94. The aforementioned acts of Defendants violated the due process rights of

18 PLAINTIFF and thus imposed unique burdens on Plaintiff, as set forth above, in violation of

19 Article I, section 7 of the California constitution. The California Due Process clause has been

20 interpreted in a somewhat more protective fashion than the federal courts have interpreted the

21 Fifth and Fourteenth Amendments, and includes protections of the "dignitary interests" of

22 individuals coming under its protections.

23      95. In addition, the discussion of substantive content of cases with managers and advice

24 to hearing officers on how to rule in their capacity as judges violates the rights of Respondents to

25 due process.

26      96. Plaintiff Mr. Comeau has suffered, are suffering and will continue to suffer

27 immediate and irreparable injury for which there is no adequate remedy at law if the

28 aforementioned policies, procedures, practices and/or customs of suspending licenses without

1  providing an impartial Hearing Officer is allowed to continued. Therefore, Plaintiff seeks

2  declaratory and injunctive relief, both preliminary and permanent, to stop Defendant DMV from

3  continuing the unlawful, unconstitutional policies, procedures, practices and/or customs

4  described above.

THIRD CLAIM FOR RELIEF

6  Violation of Title II of the Americans with Disabilities Act

7  (42 U.S.C. §§ 12131 *et seq.*)

8  By Plaintiff Against All Defendants

9      97. Plaintiff re-alleges and incorporates by reference all previous

10  paragraphs.

11      98. Congress enacted the Americans with Disabilities Act upon finding, among other

12  things, that "society has tended to isolate and segregate individuals with disabilities" and that

13  such forms of discrimination continue to be a "serious and pervasive social problem." 42 U.S.C.

14  §12101(a)(2).

15      99. In response to these findings, Congress explicitly stated that the purpose of the ADA

16  is to provide "a clear and comprehensive national mandate for the elimination of discrimination

17  against individuals with disabilities" and "clear, strong, consistent, enforceable standards

18  addressing discrimination against individuals with disabilities." 42 U.S.C. §12101(b)(1)-(2).

19      100. Title II of the ADA provides in pertinent part: "[N]o qualified

20  individual with a disability shall, by reason of such disability, be excluded from

21  participation in or be denied the benefits of the services, programs, or activities of

22  a public entity or be subjected to discrimination by any such entity." 42 U.S.C.

23  §12132.

24      101. The U.S. Department of Justice's regulations implementing Title II,

25      102. C.F.R. §§ 35.130 *et seq.* prohibit public entities from, *inter alia:*

26      (a). Providing any aid, benefit, or service that, either directly or

27  through contractual, licensing, or other arrangements, denies a qualified

28  individual with a disability the opportunity to participate in or benefit from

1    the aid, benefit, or service;

2          (b). Failing to afford a qualified individual with a disability an

3    opportunity to participate in or benefit from the aid, benefit, or service that is

4    not equal to that afforded others;

5          (c). Providing different or separate aids, benefits, or services to

6    individuals with disabilities than is provided to others;

7          (d). Utilizing criteria or methods of administration that have the

8    effect of subjecting qualified individuals with disabilities to discrimination;

9          (e). Limiting a qualified individual with a disability in the

10   enjoyment of any right, privilege, advantage, or opportunity enjoyed by

11   others receiving the aid, benefit, or service; and

12         (f). Imposing or applying eligibility criteria that screen out or tend o screen out an

13   individual with a disability from fully and equally enjoying any service, program, or activity.

14         103. At all relevant times, DMV, and applicable DOE defendants, and all defendants

15   have been a "public entity" within the meaning of Title II of the ADA.

16         104. At all relevant times, Defendants have offered the program, benefits

17   or services of conducting examinations for individuals seeking to become licensed to drive

18   commercial motor vehicles.

19         105. At all relevant times, Plaintiff was a qualified individual with a

20   disability within the meaning of Title II of the ADA and met the essential

21   eligibility requirements for the receipt of the aids, benefits, services, programs, and activities of

22   Defendants at issue in this action, namely the suspension of Mr. Comeau's commercial driver's

23   license on a full and equal basis as other non disabled drivers.

24         106. Through the acts and omissions of Defendants and their agents and

25   employees described herein, Defendants, with intent, deliberate indifference,

26   and/or reckless disregard, subjected Plaintiff to discrimination on the basis of his

27   actual or perceived disability in violation of Title II of the ADA and its implementing regulation

28   noted herein.

107. Plaintiff is informed, believes, and based thereon alleges that Defendants could have reasonably provided all aids, benefits, services, programs, and activities in an accessible manner and on an equal basis to Plaintiff, to allow him a full, meaningful, and substantially equal opportunity to benefit from Defendants' services.

108. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered humiliation, hardship, anxiety, indignity, and other significant mental and emotional anguish.

109. Pursuant to 42 U.S.C. §12133, Plaintiff is entitled to damages.

FOURTH CLAIM FOR RELIEF

Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794)

By Plaintiff Against All Defendants

110. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

111. Section 504 of the Rehabilitation Act ("Section 504") provides in pertinent part: "[N]o otherwise qualified individual with a disability. . .shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance. . ." 29 U.S.C. § 794. "The term 'program or activity' means all of the operations of a department, agency, special purpose district, or other instrumentality of a State or of a local government." Id.

112. At all relevant times, Plaintiff has been a qualified individual with a disability (also referred to as a "handicapped person") within the meaning of Section 504 and met the essential eligibility requirements for the receipt of the aids, benefits, services, programs, and activities of Defendants.

113. At all times relevant to this action, Defendants were recipients of federal financial assistance within the meaning of Section 504.

114. Through their acts and omissions described herein, Defendants have violated Section 504 and its implementing regulations.

115. Plaintiff is informed, believes, and based thereon alleges that

1    Defendants committed the acts and omissions alleged herein with intent, deliberate indifference,

2    and/or reckless disregard of Plaintiff's rights.

3          116. As a direct and proximate result of the aforementioned acts, Plaintiff

4    has suffered humiliation, hardship, anxiety, indignity, and significant mental and

5    emotional anguish.

6          117. Pursuant to 29 U.S.C. § 794(a), Plaintiff is entitled to damages.

7                              FIFTH CLAIM FOR RELIEF

8    The Civil Rights Act (42 U.S.C. § 1983)

9    By Plaintiff Against Certain DOE Defendants

10          118. Plaintiff re-alleges and incorporates by reference all previous

11    paragraphs.

12          119. Section 1983 provides in pertinent part: "Every person who, under color of any

13    statute, ordinance, regulation, custom, or usage, of any State or Territory or the

14    District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other

15    person within the jurisdiction thereof to the deprivation of any rights, privileges,

16    or immunities secured by the Constitution and laws, shall be liable to the party injured in an

17    action at law...."

18          120. At all relevant times, the ADA, Section 504, and the Equal Protection

19    and Due Process Clauses of the United States Constitution were in force and

20    binding upon Defendants.

21          121. At all relevant times to this action, DOE 1, to DOE 10, and all other Defendants

22    were "persons" pursuant to Section 1983.

23          122. At all relevant times, DOE 1, to DOE 10, and all other Defendants

24    were employed or otherwise contracted by Defendant DMV, a government agency.

25          123. The acts and omissions of DOE 1, to DOE 10, and all other Defendants, as alleged

26    herein, were committed under color of state law.

27

28

124. The acts and omissions alleged herein were committed in DOE 1, to DOE 10, and all other Defendants' individual capacities, under color of state law, in that their intentional conduct fell outside the scope of their employment.

125. The acts or omissions of DOE 1, to DOE 10, and all other Defendants, as alleged herein, amounted to intentional conduct, reckless disregard, and/or deliberate indifference to Mr. Comeau's federal rights under the ADA, Section 504, and the Equal Protection and Due Process Clauses of the U.S. Constitution.

126. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered humiliation, hardship, anxiety, indignity, and significant mental and emotional anguish and mental suffering.

127. Plaintiff is entitled to an award of damages in an amount according to proof.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants as follows:

1. Mental Suffering. $100,000,000.00. This is the relief I feel is justified do to all the mental suffering, all the times I planed to take my own life, all the times I cut up my legs in an attempt to end my own life and all the times I started to took large amounts of pills to end my life. For all the times I took large amounts of pill to end my life.

2. Lost Wages. = $22,033 per year. X 6 years = $132,198.

3. Lost Truck. To be determined during discovery. At this time the current amount that is currently owed is $12,572.07 but is not the total I paid for the truck

4. Lost Trailer = Cost $11,159.76 - I sold trailer to 88 logistics for $2,500. Leaving a balance of $8.659.76 that I'm seeking relief for $8.659.76.

5. Moneys owed to IRS = $5,081.06 as of 1'6/2012.

6. Moneys owed to New Mexico DOT. = $2,648.77.

7. Physiological care for life

8. For compensatory damages as permitted by law and according to proof at trial;

9. Punitive damages according to proof, except as to Defendant DMV and

10. Such other relief as the Court finds just and proper.

11. For declaratory relief declaring that the current APS system on its face

and/or as applied administered by the DMV violates the Due Process clauses of the United States

and California Constitutions.

12 For injunctive relief enjoining the unlawful practices detailed herein.

13. For affirmative injunctive relief directing the Defendant DMV to design and implement a

neutral administrative adjudicative system.

14. For such further relief as the Court may deem just, proper, and

appropriate.

Dated: July 10, 2017 Bruce Comeau Pro SE

DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial in this action.

Dated: May 10, 2017 Bruce Comeau Pro SE

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☑ )

Bruce Comeau

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

DMV, Mario Argawa Mohindre chhotarpal, S Martinez, P tercero, Does 1-10

**(b)** County of Residence of First Listed Plaintiff  LA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Bruce Comeau 1245 W. College ave SP 195 San Dimas CA 91773  9095996158

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 100,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Due Process Rights, Title II of the Americans with disabilites. suspention of Class A

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☒ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:

CV 17 - 03720

CV-71 (10/14)

CIVIL COVER SHEET

Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☒ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?  *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☒ No | | ☒ NO.  Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.)  *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no, " skip to Question C.  If "yes," answer Question B.1, at right. | | ☒ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?  *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☒ Yes  ☐ No | | ☒ NO.  Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.)  *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no," skip to Question D.  If "yes," answer Question C.1, at right. | | ☒ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D:  Location of plaintiffs and defendants? | **A.** Orange County | **B.** Riverside or San Bernardino County | **C.** Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| D.1.  Is there at least one answer in Column A? | D.2.  Is there at least one answer in Column B? |
|---|---|
| ☐ Yes  ☒ No | ☐ Yes  ☒ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. | If "yes," your case will initially be assigned to the EASTERN DIVISION. |
| Enter "Southern" in response to Question E, below, and continue from there. | Enter "Eastern" in response to Question E,  below. |
| If "no," go to question D2 to the right. ➡ | If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | *Western Division* |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court**?     ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?     ☒ NO   ⟋ YES

If yes, list case number(s): _____

Civil cases are related when they (check all that apply):

☒ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

A civil forfeiture case and a criminal case are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** *Bruce Carr*     DATE: *May 17-2017*

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |